IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


RODNEY LAWRENCE,

    Petitioner,

v.                                                                      CASE NO. 5:05-cv-00267-SPM-AK

JOSE BARRON,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1, § 2241 Petition for Writ of Habeas Corpus, filed by Rodney Lawrence. Respondent has filed his answer, Doc. 11, and Petitioner has filed a reply. Doc. 16. This cause is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the petition be denied.

## BACKGROUND

Petitioner is presently serving a 65-month sentence from the United States District Court for the Middle District of Florida for conspiracy to possess with intent to distribute and to distribute 100 kilograms or more of marijuana. Petitioner is confined at FCI Marianna; thus, this cause is properly filed in this Court. He is presently scheduled for release on July 27, 2008. *See* http://www.bop.gov.

Petitioner was originally assigned to FCI Estill, South Carolina. At that facility, he was notified that he was being classified with a public safety factor of sex offender based on a "[p]rior conviction of sexual offense." Doc. 11, Ex. 4. Petitioner signed the sex offender

notification form, though it is silent on how BOP arrived at that determination. It does not appear that Petitioner initially challenged that classification.

Petitioner was subsequently transferred to FCI Marianna and interviewed by the Drug Treatment Specialist, Gary Poole, to determine whether Petitioner was eligible to participate in the Residential Drug Abuse Program (RDAP). While Mr. Poole was able to verify Petitioner's history of drug use, thereby making him eligible for participation in the RDAP, he advised Petitioner that he was not eligible for early release because of his "prior conviction for a sexual offense." Doc. 11, Ex. 5. According to Poole, Petitioner's PSF designation made him ineligible "for placement in a CCC [Community Corrections Center]." *Id*. Because Petitioner cannot complete the third and final phase of the RDAP–the transitional services portion in a CCC–he is ineligible for early release." *Id*. Petitioner was formally advised of the BOP's decision that he did not "appear" to be "provisionally eligible for early release" based on a "prior sexual battery," which Petitioner signed in acknowledgment. Doc. 11, Ex. 6. Thereafter, a "Memorandum for Central File" from Respondent and others was issued and placed in Petitioner's file. This memorandum stated:

> [Petitioner] is not being considered for CCC placement, as described in Program Statement 7310.04, for the following reason(s):
>
> (a)   Aggressive Sex Offender   On February 19, 1997, Lawrence and an accomplice took two 15 year old females to a hotel and engaged in sexual intercourse with the girls. Lawrence pled nolo contendere to a charge of Sexual Battery and adjudication was withheld. Lawrence received a 6 month jail sentence with credit for 1 day time served, with 5 years probation to follow.

Doc. 11, Ex. 10.

Petitioner pursued his administrative remedies, and at each level, he was denied relief. *See* Doc. 11, Ex. 2. In Respondent's initial administrative response, he pointed out that Petitioner had received the PSF sex offender classification for the following reason:

> According to your Presentence Investigation Report, on February 19, 1997, you and an accomplice took two 15 year old females to a hotel and engaged in sexual intercourse with the girls. On February 20, 1997, you were arrested and charged with 1) Sexual Battery, and 2) Lewd Act Upon Child. On July 30, 1997, in the Orange County Circuit Court, Orlando, Florida, you pled nolo contendere to the charge of Sexual Battery, and adjudication was withheld. You received a six month jail sentence with credit for one day time served, followed by five years probation....The charge of Lewd Act Upon Minor was nolle prosequi. On January 25, 2000, your term of probation was terminated.

*Id*. at 2.

The instant petition ensued. On this occasion, Petitioner complains that the Bureau of Prisons failed to follow its own policy in determining his eligibility for CCC placement. Doc. 1. He also claims that Respondent discriminated against him "by allowing certain inmates with a Public Safety Factor to receive CCC placement and not to others." Doc. 1, Mem. at 2. He also claims that he was improperly designated as a sex offender in the first place, since adjudication was withheld on one charge and *nolle prosequi* on the other.

Though Petitioner had not exhausted his administrative remedies at the time he filed the instant petition, by the time Respondent filed his response, exhaustion was complete. Doc. 11, Ex. 2 at 8.

## DISCUSSION

Section 3621 of Title 18 of the United States Code governs the imprisonment of persons convicted of federal crimes and provides, in pertinent part, for the "appropriate substance abuse treatment for each prisoner the Bureau [of Prisons] determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). To carry out this objective, the Bureau "shall, subject to the availability of appropriations, provide residential substance abuse treatment (and make arrangements for appropriate aftercare)...." *Id*. at § 3621(e)(1).

As an incentive for successful completion of a drug treatment program, the "period a prisoner convicted of a nonviolent offense remains in custody...may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." *Id*. at § 3621(e)(2)(B). The reduction in sentence is discretionary with the BOP: "When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment." *Lopez v. Davis*, 531 U.S. 230, 241 (2001).

When determining eligibility for early release, the BOP "need not blind itself to pre-conviction conduct," and it acts reasonably "both in taking account of pre-conviction conduct and in making categorical exclusions." *Id*. at 242. Thus, as an "exercise of the discretion vested in the Director of the Federal Bureau of Prisons," an inmate who is not eligible for participation in a community-based program–"as determined by the Warden on the basis of his or her professional discretion"--is not eligible for early release. 28 C.F.R. § 550.58(a)(1)(v). If an inmate cannot "participate in community-based programs," he cannot "complete the transitional services component of treatment in a Community Corrections Center or on home confinement."

U.S. Dept. of Justice, Federal Bureau of Prisons Program Statement 5330.10 (May 25, 1995).

An inmate who has been assigned a sex offender Public Safety Factor "shall not ordinarily participate in CCC programs...." U.S. Dept. of Justice, Federal Bureau of Prisons Program Statement 7310.04 (Dec. 16, 1998). In determining whether an inmate is a "sex offender," the following is pertinent:

> A male...inmate whose behavior in...prior history includes one or more of the following elements shall be housed in at least a Low security level institution, unless the PSF has been waived. A conviction is not required for application of this PSF if the PSI, or other official documentation, clearly indicates the following behavior occurred in the...prior criminal history. If the case was dismissed or nolle prosequi, application of this PSF cannot be entered. However, in the case where an inmate was charged with an offense that included one of the following elements, but as a result of a plea bargain was not convicted, application of this PSF should be entered.

\* \* \*

> (1)    Engaging in sexual contact with another person without obtaining permission to do so....

\* \* \*

> (3)    Any sexual contact with a minor or other person physically or mentally incapable of granting consent....

U.S. Dept. of Justice, Federal Bureau of Prisons Program Statement 5100.07 (Sept. 3, 1999). As used in this Program Statement, "sentences with a specific finding of 'withheld adjudication' will be considered the same as if the Judge made a finding of guilt." *Id*. at App. B (Jan. 31, 2002).

1.	Classification as sex offender.

The obvious issue with which to begin is whether the Bureau acted improperly in initially classifying Petitioner with a PSF of sex offender since adjudication was withheld following Petitioner's *nolle contendere* plea to sexual battery and the charge of lewd act upon a minor was *nolle prosequi*.

The Bureau is afforded wide discretion in its classification of the prisoners under its care, custody, and control, *Cohen v. United States*, 151 F.3d 1338, 1342-44 (11th Cir. 1998), and after carefully considering the matter, the Court finds nothing either arbitrary or capricious about its determination that Petitioner should be classified with a sex offender PSF. The Bureau was perfectly within its authority to consider the official recitation of the state court charges which was contained in the PSR, indisputably an official court document, for support for its assessment of the PSF sex offender designation. While the BOP could not, pursuant to its regulations, assess Petitioner with the PSF sex offender based on the sexual charge which was not prosecuted, *see* Program Statement 5100.07 (if case was *nolle prosequi*, application of sex offender PSF cannot be entered), it certainly acted properly in basing the assessment on the sexual battery charge, regardless of the fact that adjudication was withheld. *See id*. at App. B (where state court withholds adjudication, "it will be considered the same as if the Judge made a finding of guilt").[1]

---

[1] While any sex offender classification of Petitioner pursuant to 18 U.S.C. § 4042(c), which would require him to register as a sex offender upon his release from prison, may be inappropriate, *see Fox v. Lappin*, 409 F. Supp. 2d 79 (D. Mass. 2006) (federal prisoner cannot be designated as § 4042(c) sex offender based on state sex offense), this is a question separate and apart from the issue at hand and not before the Court.

*Case No: 5:05-cv-00265-SPM-AK*

Petitioner's reliance on *United States v. Rockman*, 993 F.2d 811 (11th Cir. 1993), is misplaced, as *Rockman* is a Federal Sentencing Guidelines case which considered the effect of a *nolo contendere* plea without adjudication of guilt on the calculation of a defendant's criminal history category. In that regard, the court concluded that where a court withholds adjudication of guilt after a *nolo contendere* plea, the plea does not constitute a "prior sentence" under one section of the Guidelines, but it does constitute a "diversionary disposition" and thus, a prior sentence, under a different section. *Id.* at 811. In reaching that conclusion, the court echoed the policy considerations underlying the pertinent guideline: "'This [counting of the prior offense] reflects a policy that defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency.'" *Id.* at 814 (citation omitted). If anything, then, *Rockman* supports the decision by the BOP to assess Petitioner with the PSF sex offender.

As to Petitioner's argument that the BOP discriminated against him in finding him ineligible for CCC placement and that personnel have treated him harshly, it is without merit. The only basis for these allegations is that Mr. Poole and others have stated that Defendant "would never be approved for CCC placement...because several of the team members have young daughters." Doc. 16, Attach. Such reasoning does not violate the Constitution. *See Damiano v. Florida Parole and Probation Commission*, 785 F.2d 929 (11th Cir. 1986) (alleged discrimination must be based on race, religion, national origin, or some other constitutionally protected interest). The relevant program statement clearly makes CCC placement of a prisoner with a PSF sex offender designation the exception, not the rule, *see* Program Statement 7310.04, and the Court discerns nothing unconstitutional in Respondent's exercising his great discretion

Case 5:05-cv-00267-SPM-AK   Document 20   Filed 04/12/07   Page 8 of 8

*Page 8 of 8*

as he has.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, Doc. 1, be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this *12th* day of April, 2007.

*S/ A. KORNBLUM*
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**