IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RODNEY LAWRENCE,

    Petitioner,

vs.                              CASE NO.: 5:05cv267-SPM/AK

JOSE BARRON,

    Respondent.

_____/

## **ORDER**

This cause comes before the Court for consideration of the Magistrate Judge's Report and Recommendation (doc. 20) dated April 12, 2007. Petitioner has been furnished a copy and pursuant to Title 28, United States Code, Section 636(b)(1) has filed an objection (doc. 22).

The original issues presented by the petition for writ of habeas corpus concerned (1) whether the Bureau of Prisons improperly classified Petitioner with a public safety factor (PSF) of sex offender and (2) whether the Bureau of Prison abused its discretion in determining that Petitioner was not eligible for placement in a community corrections center (CCC)[1] because his PSF had not been

---

[1] Also referred to as a residential reentry release (RRC) facility or halfway house.

waived. The Magistrate Judge concluded that Petitioner's PSF sex offender classification was appropriate and that the Bureau of Prisons did not abuse its discretion in denying Petitioner eligibility for placement in a CCC. These findings are correct and the Magistrate Judge's Report and Recommendation will be adopted by the Court.

In his objection, Petitioner submits additional documentation and explains that the Bureau of Prisons has now determined that Petitioner is eligible for CCC placement despite his PSF classification. It is not clear from the documentation whether the Bureau of Prisons waived the PSF or exactly what determination was made. In any event, Petitioner states that "[t]here is no longer a question as to whether Petitioner [is] eligible for RRC/CCC placement" and that his "challenge at this time is that his sentencing district, the Middle District of Florida, is unwilling to accept inmates with a PSF of sex offender." Doc. 22 at p.4. He asks to be "relocated to another district, one that would accept him." Id.

As to this new claim, Petitioner has not exhausted his administrative remedies. "Exhaustion of administrative remedies is jurisdictional." Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992). Before Petitioner can bring this claim in court, he must exhaust his administrative remedies. Accordingly, it is

ORDERED AND ADJUDGED:

1. The Magistrate Judge's Report and Recommendation (doc. 20) is

ADOPTED and incorporated by reference in this order.

    2.      The petition for writ of habeas corpus (doc. 1) is denied.

    3.      The new claim for relocation to another district is denied without prejudice for lack of jurisdiction.

DONE AND ORDERED this 9th day of May, 2007.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge